```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA,           :
                Plaintiff,          :   STIPULATION AND ORDER OF
                                        SETTLEMENT AND DISMISSAL
        - against -                 :
ANTHONY TURCHIARELLI,               :   07 Civ. 7031 (BSJ)
                Defendant.          :
-----------------------------------x
```

WHEREAS, the United States, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, filed a complaint (the "Federal Complaint") against defendant Anthony Turchirelli ("Defendant") under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), alleging, inter alia, that, from in or about 2000 through December 2002, Defendant knowingly presented or caused to be presented to the United States false or fraudulent claims for expense reimbursement under the federal food stamp program, as more specifically described in the Federal Complaint;

WHEREAS, the conduct outlined in the Federal Complaint shall be referred to as the "Covered Conduct;"

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") is entered into by the United States and Defendant by through their authorized representative;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/07

WHEREAS, Defendant hereby appears and consents to the entry of this Stipulation and Order, without admitting any wrongdoing or liability under the False Claims Act; and

WHEREAS, to avoid the delay, expense, uncertainty and inconvenience of protracted litigation of the claim asserted in the Federal Complaint, the United States and Defendant desire to reach a full and final settlement and compromise of the claim asserted by the United States in the Federal Complaint;

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises, obligations, undertakings, and commitments hereinafter set forth, do hereby covenant and agree as follows:

1.  The parties hereto consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2.  Defendant agrees to pay, in full compromise and satisfaction of the allegations against him set forth in the Federal Complaint, the sum of one hundred and ten thousand dollars ($110,000.00) (the "Settlement Amount"). This Settlement Amount shall constitute a debt immediately due and owing to the United States upon entry of this Stipulation and Order by the Court, and is to be discharged by payment to the United States under the following terms and conditions:

(a) Defendant shall pay the full Settlement Amount to the United States within ten (10) business days of the date of

effective date (see paragraph 19 below) of this Stipulation and Order.

   (b)  Defendant's payment shall made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York.

   3.  If Defendant fails to comply with the payment obligations set forth in Paragraph 2, Defendant shall pay interest at the rate of 12% per annum, compounded daily, on any balance of the Settlement Amount that remains unpaid, such interest to begin accruing ten (10) business days after the date of entry of this Stipulation and Order and until such time as Defendant fully complies with the payment obligations set forth in Paragraph 2.  Any such interest shall be added and deemed to be part of the Settlement Amount as defined and used herein. Furthermore, if Defendant fails to comply with the payment obligations set forth in Paragraph 2, the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and the United States may exercise all statutory, common law, or equitable rights to collect such outstanding balance of the Settlement Amount.  Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States in accordance with this Paragraph, either administratively or in any State or Federal court.  The United States shall be entitled to an award of

reasonable costs and attorneys' fees in connection with its collection efforts.

4.  Subject to the exceptions in Paragraph 7 below, in consideration of the obligations of Defendant set forth in this Stipulation and Order, conditioned upon Defendant's timely payment in full of the Settlement Amount, and subject to Paragraph 11 below (concerning bankruptcy proceedings commenced within 91 days of any payment under this Stipulation and Order), the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release Defendant from any civil monetary claim the United States has or may have against Defendant for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, or under the common law.

5.  Defendant agrees to release the United States, its agencies, employees, servants and agents from any claims (including attorneys' fees, costs and expenses of every kind and however denominated) that Defendant has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants and agents related to the matters covered by the Federal Complaint, and the United States' investigation and prosecution thereof, and this Stipulation and Order.

6.  This Stipulation and Order is intended to be for the benefit of the parties to this Stipulation and Order only,

and by this instrument the parties to this Stipulation and Order do not release any claims against any other person or entity, except as expressly provided by this Stipulation and Order.

7. Notwithstanding any term of this Stipulation and Order, including the releases provided in Paragraphs 4 and 5, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order as to any entity or person:

   (a) Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

   (b) Any administrative liability, including but not limited to debarment from participation in Federal programs or activities;

   (C) Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

   (d) Any claims based upon such obligations as are created by this Stipulation and Order; and

   (e) Any liability to the United States of any entity or person, including but not limited to any joint tortfeaser, that or who is not released by the terms of this Stipulation and Order.

8. Defendant waives and will not assert any defenses he may have to any criminal prosecution or administrative action relating to the Covered Conduct, which defenses may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the

Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution or administrative action.

Nothing in this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

9. Defendant shall be in default of this Stipulation and Order if he fails to make the payment set forth in Paragraph 2 on or before the due date of such payment. The United States will provide written notice of such default, and Defendant shall have an opportunity to cure such default within fifteen (15) business days from the date of his receipt of the notice. Notice of default will be sent by fax and overnight mail to the undersigned attorney for Defendant. If Defendant fails to cure the default within fifteen (15) business days, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded daily from the date of default on the remaining unpaid principal balance. Defendant shall consent to a judgment in the amount of the unpaid balance, and the United States, at its option, may: (a) rescind this Stipulation and Order and reinstate the Federal Complaint; (b) seek specific performance of the Stipulation and Order; (c) offset the remaining unpaid balance from any amounts due and owing Defendant by any department, agency or agent of the United

States at the time of default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation and Order, or recognizable at common law or in equity. Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any State or Federal court. In addition, Defendant shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses.

In the event that the United States opts to rescind this Stipulation and Order, Defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent such defenses were available on the date of entry of this Stipulation and Order.

10. Defendant expressly warrants that he has reviewed his financial situation and that he currently is solvent within the meaning of 11 U.S.C. § 547(b)(3) and 548(a)(1)(A) and (B)(ii)(I), and will remain solvent following his payment of the Settlement Amount to the United States hereunder. Further, the parties who have executed this Stipulation and Order expressly warrant that, in evaluating whether to execute this Stipulation and Order, such parties (i) have intended that the mutual

promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendant, within the meaning of 11 U.S.C. § 547(c)(1), and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange.

Further, the parties warrant that the mutual promises, covenants and obligations set forth herein are intended to and do represent a reasonably equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which Defendant was or became indebted to on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

11. In the event that Defendant commences, or a third party commences, within ninety-one (91) days of any payment under this Stipulation and Order, any case, proceeding, or other action (a) under any law relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking any order for relief of Defendant's debts, or seeking to adjudicate him as bankrupt or insolvent, or (b) seeking appointment of a receiver, trustee, custodian or other similar official for him or for all or any substantial part of his assets, Defendant agrees as follows:

(a) Defendant's obligations under this Stipulation and Order may not be avoided pursuant to 11 U.S.C. § 547, and he will not argue or otherwise take the position in any such case, proceeding or other action that: (i) his obligations under this

-8-

Stipulation and Order may be avoided under 11 U.S.C. § 547; (ii) he was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to him.

    (b)  In the event that Defendant's obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation and Order, and bring any civil and/or administrative claim, action or proceeding against Defendant for the claims that would otherwise be covered by the releases provided in Paragraphs 4 and 5, above. If the United States chooses to do so, (i) Defendant agrees that he will not contend that any such claims, actions or proceedings brought by the United States are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case or proceeding described in the first clause of this paragraph; (ii) Defendant further agrees that he will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings which are brought

by the United States within thirty (30) calendar days of written notification to Defendant that the releases herein have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date of entry of this Stipulation and Order; and (iii) Defendant agrees that he will not contest the validity of a claim filed by the United States against him in the amount of $110,000.00 as a priority unsecured claim, and the United States may pursue its claim, <u>inter alia</u>, in the case, action or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

      (c) Defendant acknowledges that his agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

13. Each party to this Stipulation and Order will bear its/his own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation and Order.

14. This Stipulation and Order is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation and Order as it relates to this action will be the United States District Court for the Southern District of New York.

15. This Stipulation and Order constitutes the complete agreement between the parties. This Stipulation and Order may not be amended except by written consent of the United States and Defendant.

16. Subject to the exceptions in Paragraph 7, in consideration of the obligations of Defendant in this Stipulation and Order, and conditioned upon Defendant's timely full payment of the Settlement Amount, this action shall be dismissed with prejudice as to Defendant as to all of the claims set forth in the Federal Complaint, and to the extent of, and as governed by, this Stipulation and Order. However, this Court shall retain jurisdiction over this action and each party to the extent that the obligations herein remain unsatisfied by that party.

17. The undersigned person signing this Stipulation and Order on behalf of Defendant represents and warrants that he is authorized by Defendant to execute this Stipulation and Order. The undersigned United States signatory represents that she is signing this Stipulation and Order in her official capacity.

18. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

19. The effective date of this Stipulation and Order is the date on which this Stipulation and Order is entered by this Court.

Dated: New York, New York
       Aug 15, 2007

                               MICHAEL J. GARCIA
                               United States Attorney for the
                               Southern District of New York
                               Attorney for the
                               United States of America

                    By: _____
                               MARA E. TRAGER (MT-4598)
                               Assistant United States Attorney
                               86 Chambers Street
                               New York, New York  10007
                               Tel. No.: (212) 637-2799

Dated: White Plains, New York
       august 1, 2007

                               Attorney for Defendant

                               _____
                               STEPHEN MANZELLA (SM-9883)
                               777 Westchester Avenue, suite 206
                               White Plains, New York, 10604
                               Tel. No.: (914) 251-4881

Dated: Bronx, New York
       8-1, 2007

                               _____
                               ANTHONY TURCHIARELLI

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
       8/17/07

-12-